UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **PATRICK S. TOLIVER (#645258)** | **CASE NO. 5:16-CV-1230-P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **CADDO SHERIFF'S OFFICE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint and amended complaint (42 U.S.C. § 1983) filed pro se Plaintiff Patrick Stevens Toliver (#645258). (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on August 31, 2016. (Doc. 4). Plaintiff is an inmate at the LaSalle Correctional Center ("LCC") in Olla, Louisiana. Plaintiff complains that he was denied adequate medical care in violation of the Constitution while he was housed at the Caddo Correctional Center. Plaintiff names as defendants the Caddo Parish Sheriff's Office, Nurse Kelli Hayes, and an unidentified physician.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

In his complaint, Plaintiff alleges that he suffered a spider bite on July 20, 2016. He was treated by a physician on July 21, 2016, and prescribed antibiotics and pain medication. (Doc. 1, p. 3). Plaintiff complains that he received no additional medical treatment. Plaintiff claims that the wound should have been lanced, cleaned, packed, and bandaged. (Doc. 1, p. 3).

According to the administrative grievances attached to his amended complaint, Plaintiff claimed that he received a second spider bite on July 29, 2016. (Doc. 8, p. 17). However, the responses to Plaintiff's grievances consistently state that Plaintiff did not request medical care for

a spider bite after July 21, 2016. (Doc. 8, pp. 7-11).

## Law and Analysis

Medical care claims of prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, a plaintiff must establish that the defendant prison officials knew of, and then disregarded, an excessive risk to the plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. Wilson v. Seiter, 501 U.S. 294 (1991).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). Disagreement with diagnosis or treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

According to the pleadings and exhibits, Plaintiff requested medical care on July 20, 2016, for a spider bite. He was prescribed ibuprofen and antibiotics the following day. Plaintiff did not submit a sick call for a second spider bite. (Doc. 8, p. 11). There are no allegations that Defendants refused to treat Plaintiff, ignored his complaints, or intentionally treated him incorrectly. Plaintiff cannot show deliberate indifference by Defendants.

Although Plaintiff complained in his grievance that an officer bitten by the same spider received wound packing at the hospital, this does not establish a violation of Plaintiff's constitutional rights. A plaintiff's disagreement with diagnosis or treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, a Plaintiff is not entitled to the best care that money can buy. See Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992).

Finally, Plaintiff does not allege that he suffered any injury from the allegedly unconstitutional medical treatment. See Domino v. Texas Dep't. of Crim. Justice, 239 F.3d 752, 754 (5th Cir. 2001) (Plaintiff with injured hand and bruises failed to allege deliberate indifference to serious medical needs when he was examined by medical personnel and the injuries healed).

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 27th day of October, 2016.

_____
Karen L. Hayes
United States Magistrate Judge